IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

ANGEL RODRIGUEZ,                                    FEDERAL TORT CLAIM ACT
                                                           COMPLAINT
                Plaintiff,

v.                                                 Civil Action No. _____

UNITED STATES OF AMERICA,

                Defendant.
_____/

## I.  JURISDICTION

This Court has jurisdiction over this action pursuant to: Titler 28 U.S.C. Section 2671, et seq. (FTCA) and Title 28 U.S.C. Section 1346(b)(1).

## II. PLAINTIFF

A.    Angel Rodriguez, Federal Register Number 24314-052, actually housed at Federal Correction Institution, (FCI Edgefield), 501 Gary Hill Road, P.O. Box 725, Edgefield, South Carolina 29824-0725.

## III.  PREVIOUS LAWSUITS

A.    Plaintiff have no filed other lawsuits in any state or federal court dealing with the same facts involved in this action.

B.    Plaintif has not filed any other civil action in any court of the United States while incarcerated or detained.  Further, this is the first time that plaintiff files a civil action for damages in a federal court.

## IV.  ADMINISTRATIVE REMEDIES PURSUANT TO THE  FTCA

A.    Plaintiff  filed a FTCA Claim Form (SF-95) before the appropriate BOP Regional Office, on January 30, 2023, which was received by the Agency on February 10, 2023, according to the written acknowledgment by the sent same date, which included the claim number (TRT-SER-2023-03184) gave by the BOP.  See, attached letter dated February 27, 2023.

B.    The amount of monetary damages requested in plaintiff's claim was of $250,000.00.

C.    Plaintiff's Administrative Claim was denied on May 3,   2023. Reconsideration was sought on June 13, 2023 and denied on July 21,

2023. Copies of the documents supporting Plaintiff's exhausting the FTCA Administrative Remedies in this case are as Composite Exhibit A (1-5).

## V. STATEMENT OF THE CLAIM

A. BOP PRISON STAFF'S FAILURE TO ACT UPON PLAINTIFF'S REQUEST TO BE ABLE TO HAVE THE BOTTOM BUNK HE/HER HAD BEEN ASSIGNED TO, THAT RESULTED IN HIS/HER FAILING FROM THE THE BUNK AND CONSEQUENT FRACTURE OF THE LEFT HUMERUS, AMOUNT TO INTENTIONALLY AND GROSS NEGLIGENCE THAT DEMAND ADEQUATE AND JUST COMPENSATION.

## VI. SUPPORTING FACTS

Pro se plaintiff, a federal inmate actually incarcerated at FCI Edgefield, South Carolina, who is a Citizen of the United States, resident of the State of New York, and is in transition from male to female, (hereafter referred as he or she ) and also suffer of epileptic seizures arrived to the      above mentioned prison on May 25, 2022 to continue serving a sentence of 87 months in a federal court.

Plaintiff initially was temporarily assigned to A-4 until a bottom bed bunk was available at A-1 Unit. Thereafter, he/her was moved to a bottom bunk in Cell 223) at A-1. However, after living around two months in that cell he/she has to move from, because his/her cell mate started to make sexual approach, touching, etc., and plaintiff asked B Unit Correctional Counsel, CC Cristopher Barsh (C.C. Barsh) to move her out of such cell. Which, Mr. Barsh did and moved plaintiff to Unit A-3, Cell 426L, which no necessarily guarantee that plaintiff was sleeping in the assigned bottom bunk.

Plaintiff however, was unable to use the bottom bunk because the other inmate, already occupying that lower bunk was unwilling to cede such bunk to plaintiff, and C.C. Mr. Barsh's response upon request for help about the situation was: " —you have to fight for the bottom bunk or got to the Special House, (SHU) because I have not other cell for you...—"

On October 2022, plaintiff fell from the top bunk that he/her had been obligated to sleep on since the transfer from A-1 Unit (id) while trying to avoid or wake up the cell mate sleeping in the bottom bunk, and inexplicably broke his/her left (arm) humerus and received other less serious injuries. See Documents attached as Composite Exhibit B (1-2 ).

## VII. INJURY

The injury determined at this time has been set forth above, (id) but more could surface if further surgeries or other medical interventions are needed to save the left arm or, are needed to implant bones from other part of the body as explained by a doctor in the last consult the plaintiff had, and that could surface when discovery be permitted during the judicial proceeding, because it have been very difficult to obtain relevant medical pertaining to this matter from the Bureau of Prisons.

Other intangible injuries as the fact that plaintiff was denied half way house or home confinement because medical holds, etc., should be considered

for purpose of pecuniary punishment.

## VIII. RELIEF

Because the sole and proximate cause of Plaintiff's falling from a top bunk and resulting injuries were due to Defendant United States' negligence and inactions. Plaintiff respectfully request the Court to find the United States liable to plaintiff for the unlawful and negligent actions of Federal Bureau of Prisons employees as they were acting within the scope of his employment as officers of the United Department of Justice.

As a result of the above, Plaintiff has substained physical injuries that will affect him/her for the rest of his/her life, mental anguish and further surgeries, that will affect his/her quality life forever.

Based upon the foregoing plaintiff demand judgment as follow:

A. Pecuniary compensation for the injuries resulting to his/her left arm, which may be permanent and disabling in the amount of not less than $ 250,000.00.

B. Compensation for the cost of suit and all the medical expenses plaintiff would have in the future relating to this injury.

C. Provide Plaintiff with any other relief that the Court may consider just and proper.

## IX. CERTIFICATION AND CLOSING

I hereby certify to the best of my knowledge, information, and believe that this complaint: (1) is not presented for an improper purpose, but obligated by the circumstances and steadfast position of the defendant's agents, servants and employees; (2) is supported by existing law, federal policy and regulation, and legitimate arguments, etc.; (3) the factual contentions have evidentiary support, that will increase after a reasonable opportunity for further discovery; and (4) complies with the requirement of Rule 11, FRCivP.

## X. DECLARATION UNDER PENALTY OF PERJURY

The undersigned pro se plaintiff declares under penalty of perjury that the above complaint have been read to his/her and that the information contained in the complaint is true and accurate. Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at FCI Edgefield, South Carolina on this November 15, 2023

By: _____
Angel Rodriguez, Pro Se
Plaintiff, Reg. No. 24314-052
FCI Edgefield PO Box 725
Edgefield, S.C. 29824-0725

3