IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Angel Rodriguez, ) | Case No. 5:23-cv-05947-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |

    This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 43.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

    On April 8, 2024, Defendant filed a motion to dismiss. [Doc. 37.] Because Plaintiff is proceeding pro se, the Court issued an Order pursuant *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 38.] Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond.

    On May 20, 2024, the Court ordered Plaintiff to advise the Court whether he wished to continue with the case and to file a response to Defendant's motion by June 19, 2024. [Doc. 41.] Plaintiff was further advised that if he failed to respond, the undersigned would recommend this case be dismissed for failure to prosecute. [*Id*.] Again, Plaintiff filed no response.

On July 9, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [Doc. 43.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 3.] Plaintiff has filed no objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED with prejudice pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure. As a result, Defendant's motion to dismiss [Doc. 37] is FOUND AS MOOT.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 6, 2024
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.